1  **WO**

2

3

4

5

6          **IN THE UNITED STATES DISTRICT COURT**

7          **FOR THE DISTRICT OF ARIZONA**

8

9

10  Elijah Muhammad,                    )    No. CV-08-369-PHX-DGC
                                        )
11              Plaintiff,              )    **ORDER**
                                        )
12  vs.                                 )
                                        )
13  Jessie Jackson, et al.,             )
                                        )
14              Defendants.             )
                                        )
15  _____    )

16

17          Plaintiff Elijah Muhammad commenced this action by filing a pro se complaint on

18  February 26, 2008.  Dkt. #1.  Plaintiff has filed a motion to proceed in forma pauperis and

19  a motion for injunctive relief.  Dkt. ##3-4.  The Court will dismiss the complaint without

20  prejudice and deny the motions as moot.

21  **I.     Dismissal of the Complaint.**

22          "[A] federal court may dismiss *sua sponte* if jurisdiction is lacking." *Fiedler v. Clark*,

23  714 F.2d 77, 78 (9th Cir. 1983) (citing *Mansfield, Coldwater & Lake Mich. R.y. Co. v. Swan*,

24  111 U.S. 379, 382 (1884)); *see Franklin v. Or. State Welfare Div.*, 662 F.2d 1337, 1342 (9th

25  Cir. 1981) (same).  "While a party is entitled to notice and an opportunity to respond when

26  a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for

27  lack of subject matter jurisdiction." *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336

28  F.3d 982, 985 (9th Cir. 2003) (citations omitted); *see* Fed. R. Civ. P. 12(h)(3) ("Whenever

1  it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the

2  subject matter, the court shall dismiss the action.").

3           "Federal courts are courts of limited jurisdiction.  They possess only that power

4  authorized by Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

5  U.S. 375, 377 (1994).  Pursuant to federal statutes, this Court has subject matter jurisdiction

6  over a case only if the complaint alleges a federal cause of action or the amount in

7  controversy exceeds $75,000 and the parties are citizens of different states.  *See* 28 U.S.C.

8  §§ 1331, 1332(a).

9           Plaintiffs must provide a statement of the grounds for the Court's subject matter

10  jurisdiction.  *See* Fed. R. Civ. P. 8(a) ("A pleading . . . shall contain (1) a short and plain

11  statement of the grounds upon which the court's jurisdiction depends[.]").  Plaintiff's one-

12  page complaint contains no factual allegations, no explanation of his claim, and no statement

13  of the basis for jurisdiction.  Dkt. #1.  The complaint asserts that Defendants have violated

14  the Fourth, Fifth, Sixth, and Eighth Amendments, Dkt. #1 at 1, but this bare statement is not

15  sufficient to invoke the Court's jurisdiction.  Plaintiff "has no cause of action directly under

16  the United States Constitution."  *Azul-Pacifico Inc. v. City of L.A.*, 973 F.2d 704, 705 (9th

17  Cir. 1992).  "[A] litigant complaining of a violation of a constitutional right must utilize 42

18  U.S.C. § 1983."  *Id.*; *see Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th

19  Cir. 2001).  Plaintiff's claims are not brought under § 1983 or any other federal statute.  Nor

20  does the complaint assert that the parties are citizens of different states.  *See* 28 U.S.C. §

21  1332(a).  The Court accordingly will dismiss the complaint for lack of subject matter

22  jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3); *Franklin*, 662 F.2d at 1343 (affirming *sua sponte*

23  dismissal of claims that did not state a federal cause of action); *Kokkonen*, 511 U.S. at 377

24  (courts must presume lack of jurisdiction until the plaintiff proves otherwise).

25           Plaintiff's motion for injunctive relief is also insufficient to invoke this Court's

26  jurisdiction.  The motion consists of a California state court form used to obtain restraining

27  orders against domestic violence.  The motion cites no federal law or claim.

28

1      **II.     Leave to Amend the Complaint.**

2            "A pro se litigant must be given leave to amend his or her complaint unless it is

3      absolutely clear that the deficiencies of the complaint could not be cured by amendment."

4      *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  In this case, Plaintiff

5      could cure the jurisdictional defect by asserting claims under 42 U.S.C. § 1983.  The Court

6      will dismiss the complaint without prejudice and allow Plaintiff to file an amended complaint

7      that properly invokes this Court's jurisdiction.  Plaintiff shall have until **Friday, April 25,**

8      **2008** to file an amended complaint.

9      **III.    Plaintiff's Obligations.**

10            Plaintiff must become familiar with, and follow, the Federal Rules of Civil Procedure

11     and the Rules of the United States District Court for the District of Arizona ("Local Rules"),

12     which may be obtained in the Clerk of Court's office.  For purposes of the amended

13     complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a)

14     provides that a complaint "shall contain (1) a short and plain statement of the grounds upon

15     which the court's jurisdiction depends, . . .  (2) a short and plain statement of the claim

16     showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the

17     pleader seeks."  Fed. R. Civ. P. 8(a).  These pleading requirements shall be set forth in

18     separate and discrete paragraphs.  Rule 8(e) provides that each such paragraph "shall be

19     simple, concise, and direct."  Fed. R. Civ. P. 8(e)(1).  The forms contained in the Appendix

20     to the Federal Rules of Civil Procedure – which include forms regarding jurisdictional

21     statements and sample complaints on various causes of action – "are sufficient under the

22     rules and are intended to indicate the simplicity and brevity of statement which the rules

23     contemplate."  Fed. R. Civ. P. 84.

24            Plaintiff is advised that vague references to violations of his constitutional rights are

25     insufficient to satisfy even the liberal notice pleading requirements of Rule 8.  The amended

26     complaint must give Defendants fair notice of what Plaintiff's claims are and the grounds

27     upon which they are based.  *See Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).  This

28     includes some factual basis for the claims and the specific legal theory supporting each claim.

1   *See id.*; Fed. R. Civ. P. 8(a)(2).  The amended complaint must also provide a clear statement

2   of this Court's jurisdiction and the relief Plaintiff seeks.  *See* Fed. R. Civ. P. 8(a)(1), (3).

3           Plaintiff is further advised that if he fails to prosecute this action or comply with the

4   rules or any Court order, the Court may dismiss the action with prejudice pursuant to

5   Rule 41(b).  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992).

6   **IV.     Plaintiff's Motion to Proceed In Forma Pauperis.**

7           Because the complaint will be dismissed for lack of jurisdiction, the Court will deny

8   as moot Plaintiff's motion to proceed in forma pauperis.  Plaintiff may file another motion

9   to proceed in forma pauperis if he decides to file an amended complaint as permitted by this

10  order.  Plaintiff is advised that his supporting financial affidavit must be complete.

11          **IT IS ORDERED:**

12          1.      Plaintiff's complaint (Dkt. #1) is **dismissed** without prejudice for lack of

13                  subject matter jurisdiction.

14          2.      Plaintiff has until **April 25, 2008** to file an amended complaint.  The Clerk

15                  shall terminate this action without further notice if Plaintiff fails to comply

16                  with this deadline

17          4.      Plaintiff's motion to proceed in forma pauperis (Dkt. #3) and motion for

18                  injunctive relief (Dkt. #4) are **denied** as moot.

19          DATED this 25th day of March, 2008.

20

21

22          _____

23                          David G. Campbell
                        United States District Judge

24

25

26

27

28

- 4 -